Matthew E. Farmer, Bar No. 190484
mfarmer@littler.com
LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
Telephone: 949.705.3000
Facsimile: 949.724.1201

Attorneys for Defendants DENNY'S, INC. and DENNY'S CORPORATION

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| CRISTINA RAMIREZ, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DENNY'S, INC., a Florida corporation; DENNY'S CORPORATION, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 25CU042587C<br><br>**CLASS ACTION**<br><br>**DEFENDANTS DENNY'S, INC.'S AND DENNY'S CORPORATION'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Complaint Filed: August 13, 2025 |

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

Defendants DENNY'S, INC. and DENNY'S CORPORATION ("Defendants"), by and through their counsel of record, hereby answers the unverified Class Action Complaint ("Complaint") of Plaintiff CRISTINA RAMIREZ, ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendants deny generally and specifically each allegation contained in the Complaint. In addition, Defendants deny that Plaintiff and putative class members have sustained, or will sustain, any loss or damage in the manner alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof, on the part of Defendants or anyone acting on Defendants' behalf. Defendants' denials are specifically incorporated into each affirmative defense below. Without conceding that they have the burden of proof or persuasion, Defendants also assert the following Affirmative or Other Defenses:

## AFFIRMATIVE OR OTHER DEFENSES

### First Affirmative Or Other Defense

*(Not Responsible for Acts of Does)*

1. On information and belief, Defendants are not legally responsible for the acts and/or omissions of Defendants named herein as DOES 1 to 10.

### Second Affirmative Or Other Defense

*(Statutes of Limitation)*

2. On information and belief, facts and circumstances may exist revealing that Plaintiff and putative class members' claims are barred by the statute of limitations under various provisions of the Code of Civil Procedure, the California Business and Professions Code, and the California Labor Code, including, but not limited to, California Code of Civil Procedure §§ 338, 340, California Labor Code §§ 203(b), and California Business and Professions Code § 17208.

### Third Affirmative Or Other Defense

*(Estoppel)*

3. Plaintiff and putative class members have engaged in conduct with respect to the activities and/or property which are the subject of the Complaint, and by reason of said activities and conduct, are estopped from asserting any claims, damages or seeking any other relief against Defendants.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

**Fourth Affirmative Or Other Defense**

*(Waiver)*

4. Plaintiff and putative class members have engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract, negligence or any other conduct, if any, as set forth in the Complaint.

**Fifth Affirmative Or Other Defense**

*(Laches)*

5. Some or all of the claims asserted in this action are barred by the doctrine of laches.

**Sixth Affirmative Or Other Defense**

*(Unclean Hands)*

6. By virtue of Plaintiff's and putative class members' unlawful, immoral, careless, negligent and other wrongful conduct, all are barred from recovering against Defendants by the equitable doctrine of unclean hands.

**Seventh Affirmative Or Other Defense**

*(Bad Faith)*

7. Defendants are informed and believe and thereon allege that Plaintiff and the putative class members have engaged in conduct and activities tainted with bad faith, by reason of which they are not be permitted to use the process of this court for furtherance of said bad faith.

**Eighth Affirmative Or Other Defense**

*(Failure to Mitigate)*

8. On information and belief, the Complaint, and each and every cause of action therein, is barred in whole or in part because of Plaintiff and the putative class members' failure to mitigate their alleged damages, if any.

**Ninth Affirmative Or Other Defense**

*(Justification)*

9. The Complaint, and each and every cause of action therein, is barred because the Defendants' conduct and omissions alleged in the Complaint, if any, were justified.

/ / /

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

**Tenth Affirmative Or Other Defense**

*(Good Faith)*

10. The Complaint, and each of its causes of action, is barred because all of Defendants' actions with respect to Plaintiff and the putative class members were done in good faith and/or in a manner consistent with business necessity and/or safety.

**Eleventh Affirmative Or Other Defense**

*(Legitimate Business & Safety Reasons)*

11. The Complaint, and each of its causes of action, is barred because all of Defendants' actions with respect to Plaintiff and the putative class members were done in good faith and/or in a manner consistent with business necessity and/or safety.

**Twelfth Affirmative Or Other Defense**

*(Ameliorative Action)*

12. Plaintiff's Complaint is barred, in whole or in part, because Defendants exercised reasonable care to prevent and correct promptly any alleged violations as set forth in the Complaint.

**Thirteenth Affirmative Or Other Defense**

*(Unreasonably Failed to Take Preventive Action)*

13. Plaintiff's Complaint is barred, in whole or in part, because Plaintiff and putative class members unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

**Fourteenth Affirmative Or Other Defense**

*(Avoidable Consequences)*

14. Plaintiff's claims are barred by the avoidable consequences doctrine, in that Plaintiff and the putative class members failed to exercise reasonable care and diligence to avoid harm or loss, if any, that could have reasonably been prevented by such reasonable efforts.

**Fifteenth Affirmative Or Other Defense**

*(UCL)*

15. Defendants cannot be liable for any violation of the Unfair Competition Law, California Business and Professions Code § 17200, *et seq.*, because its actions towards Plaintiff and putative class

members were not unfair, fraudulent, nor likely to mislead them or the public. The Defendants' conduct and dealings with the said individuals was lawful and authorized by applicable state and federal statues, rules and regulations, and such actions, conduct, and dealings were carried out in good faith and for legitimate business purposes.

**Sixteenth Affirmative Or Other Defense**

*(Failure To State A Claim)*

16. The Complaint and each and every cause of action therein fails to state facts sufficient to constitute a cause of action against Defendants.

**Seventeenth Affirmative Or Other Defense**

*(Exclusive Remedy for Labor Commissioner)*

17. Any and all claims in the Complaint based in whole or in part upon any provision of the California Labor Code that reserves remedies to the California Labor Commissioner are unavailable to Plaintiff and putative class members in this action.

**Eighteenth Affirmative Or Other Defense**

*(Unjust Enrichment)*

18. Plaintiff and putative class members may not recover damages in this action because, under the circumstances presented, such would constitute unjust enrichment.

**Nineteenth Affirmative Or Other Defense**

*(Failure to Notify of Hours Allegedly Worked)*

19. To the extent there was any failure to compensate Plaintiff and/or putative class members for any time worked or to pay any overtime or double time premium, which Defendants deny, such was the result of Plaintiff and putative class members' failure properly to record their time or otherwise to notify Defendants of the time worked.

**Twentieth Affirmative Or Other Defense**

*(Entitled to Setoff)*

20. To the extent there is any amount owing Plaintiff and/or putative class members unpaid wages, unpaid overtime premiums, or unpaid double time premiums, which Defendants deny, Defendants

/ / /

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

are entitled to setoff for amounts paid to Plaintiff and putative class members in excess of wages earned at other times during their employment.

**Twenty-First Affirmative Or Other Defense**

*(Lack of Injury)*

21. Plaintiff and putative class members are not able to demonstrate injury as a result of any violation of Labor Code § 226(a) because a wage statement was provided with every paycheck. Plaintiff and putative class members were not unable to determine from the wage statements the information required to be provided pursuant to Section 226(a)(1)-(9).

**Twenty-Second Affirmative Or Other Defense**

*(Failure to Perform Duties and Comply with Employer's Directions*
*– Labor Code Sections 2854 and 2856)*

22. Defendants are informed and believe, and thereon alleges, that any recovery on the Complaint as a whole, or on each purported cause of action alleged therein, is barred by California Labor Code sections 2854 and 2856 to the extent Plaintiff and/or putative class members failed to use ordinary care and diligence in the performance of their duties and failed to comply substantially with the reasonable directions of their employer.

**Twenty-Third Affirmative Or Other Defense**

*(Rest Breaks Authorized and Permitted)*

23. The Complaint fails, in whole or in part, because legally compliant rest breaks were authorized and permitted at all relevant times. Since Plaintiff and putative class members were authorized and permitted the opportunity to take legally compliant rest breaks, even if Plaintiff and/or putative class members did not take rest breaks as alleged in the Complaint, Defendants were unaware and are not liable for unpaid rest breaks premiums as alleged in the Complaint.

**Twenty-Fourth Affirmative Or Other Defense**

*(Exempt Status)*

24. The Complaint fails, in whole or in part, to the extent Plaintiff and/or some or all of the putative class members were exempt employees under applicable wage and hour laws.

/ / /

**Twenty-Fifth Affirmative Or Other Defense**

*(Waiver of Rest Breaks)*

25. Defendants allege that Plaintiff and putative class members, by their actions, voluntarily waived their right to receive any rest breaks they did not take, if any.

**Twenty-Sixth Affirmative Or Other Defense**

*(Meal Periods Provided)*

26. The Complaint fails, in whole or in part, because legally compliant meal periods were provided at all relevant times. Since Plaintiff and putative class members were provided the opportunity to take legally compliant meal periods, even if Plaintiff and putative class members did not take meal periods as alleged in the Complaint, Defendants are not liable for unpaid meal period premiums as alleged in the Complaint.

**Twenty-Seventh Affirmative Or Other Defense**

*(Waiver of Meal Periods)*

27. Defendants allege that Plaintiff and putative class members by their actions, voluntarily waived their right to receive any meal breaks they did not take, if any.

**Twenty-Eighth Affirmative Or Other Defense**

*(Violation of Constitutional Rights)*

28. The relief requested in the Complaint by Plaintiff violates Defendants' constitutional rights under provisions of the United Sates and California Constitutions, including but not limited to the due process clauses of Fifth and Fourteenth Amendments to United States Constitution, and the separation of powers doctrine.

**Twenty-Ninth Affirmative Or Other Defense**

*(Excessive Fines)*

29. Plaintiff's claims are barred pursuant to the Eighth Amendment to the United States Constitution and Article I, Section 17 of the California Constitution to the extent Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, 1174.5, 1194, 1197, 1197.1, and 1198, and Business and Professions Code section 17200 et seq., and other applicable statutes operate to impose excessive fines and/or are confiscatory, unconstitutionally vague, arbitrary or oppressive.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

**Thirtieth Affirmative Or Other Defense**

*(Failure to State Facts Warranting Class Certification and Class Damages or Any Other Representative Action)*

30. This case is not appropriate for class certification because the Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a class action against Defendants.

**Thirty-First Affirmative Or Other Defense**

*(Lack of Adequate Class Counsel)*

31. This case is not appropriate for class certification because neither Plaintiff nor Plaintiff's counsel are able to fairly and adequately protect the interests of all members of the putative class.

**Thirty-Second Affirmative Or Other Defense**

*(Lack of Numerosity)*

32. This case is not appropriate for class certification because the members of the proposed class are not so numerous that joinder of all members would be impracticable.

**Thirty-Third Affirmative Or Other Defense**

*(Lack of Typical and Adequate Class Representative)*

33. This case is not appropriate for class certification because Plaintiff is not typical or adequate representatives of the purported class members of the Complaint or any alleged cause of action asserted therein.

**Thirty-Fourth Affirmative Or Other Defense**

*(Failure to State Facts Warranting a Predominance of Common Questions of Fact and Law)*

34. This case is not appropriate for class certification because common questions of fact do not predominate over individual questions of fact raised in each of the alleged causes of action in the Complaint.

**Thirty-Fifth Affirmative Or Other Defense**

*(Lack of Superiority of Class Action Device)*

35. This case is not appropriate for class certification because class treatment is not the superior method for resolving the alleged claims, including but not limited to the administrative remedy provided

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

by the California State Labor Commissioner that is available to Plaintiff and each alleged putative class member.

**Thirty-Sixth Affirmative Or Other Defense**

*(Lack of Knowledge)*

36. Defendants assert that they had no knowledge of any alleged wage-and-hour violations or other claims alleged by Plaintiff.

**Thirty-Seventh Affirmative Or Other Defense**

*(Conformity with Existing Law)*

37. Defendants' actions and practices, alleged or actual, were in conformity with common and statutory law, governmental regulations, and industry standards existing at the times alleged in the Complaint.

**Thirty-Eighth Affirmative Or Other Defense**

*(Performance of Duties)*

38. Plaintiff's Complaint is barred, in whole or in part, because Defendants have fully performed any and all statutory and common law, and other duties owed to Plaintiff and putative class members, and therefore, said individuals are estopped to assert any causes of action against Defendants.

**Thirty-Ninth Affirmative Or Other Defense**

*(No Authorization or Ratification of Alleged Wrongful Conduct)*

39. Defendants did not and do not authorize, condone, ratify, or tolerate acts in violation of California law, but instead prohibited and prohibit them, and any such alleged conduct may not be attributed to Defendants through principles of agency, respondeat superior, or otherwise. Defendants affirmatively assert that any alleged wrongful conduct toward Plaintiff, including any wage-and-hour violations was not authorized, ratified, or approved by Defendants.

**Fortieth Affirmative Or Other Defense**

*(Waiting Time Penalties: Not Willful)*

40. Defendants allege all claims are barred, in whole or in part, because Defendants did not willfully fail to pay any wages due, if any, to Plaintiff and/or any putative class member.

/ / /

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

**Forty-First Affirmative Or Other Defense**

*(Labor Code § 203, 226: Not Knowing and/or Intentional)*

41. Defendants allege that Plaintiff and the putative class members are barred from recovering penalties under Labor Code §§ 203 and 226(e) because the failure to provide complete and accurate wage statements, if any, was not knowing and/or intentional and/or there was a good faith dispute over whether said individuals were owed any wages that were not included in their wage statements.

**Forty-Second Affirmative Or Other Defense**

*(De Minimis Claims)*

42. Defendants allege that Plaintiff's and/or other putative class members' claims are barred, or at least limited, because the alleged uncompensated work time is/was de minimis.

**Forty-Third Affirmative Or Other Defense**

*(Failure to Show Non-Payment of Overtime)*

43. Any recovery on Plaintiff's Complaint with respect to the allegations of failure to pay overtime is barred because Plaintiff and/or all other putative class members were not entitled to overtime compensation, additional or otherwise, under the California Labor Code, the applicable wage orders of the California Industrial Welfare Commission, and/or applicable federal law.

**Forty-Fourth Affirmative Or Other DefenseForty-Fifth Affirmative Or Other Defense**

*(Primary Jurisdiction Doctrine)*

44. The Complaint, and each purported cause of action alleged therein, should be abated in the Court's discretion, and Plaintiff should be forced to pursue her administrative remedies with the California Division of Labor Standards Enforcement and/or the Labor and Workforce Development Agency, which has primary jurisdiction over Plaintiff's claims.

**Forty-Fifth Affirmative Or Other Defense**

*(Payment)*

45. The Complaint, and each and every purported cause of action alleged therein, is barred because Plaintiff has been paid all wages due and owed.

/ / /

/ / /

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

**Forty-Sixth Affirmative Or Other Defense**

*(Set-Off/Offset/Recoupment)*

46. Some or all of the purported causes of action alleged in the Complaint are subject to setoff, offset, and/or recoupment.

**Forty-Seventh Affirmative Or Other Defense**

*(Safe Harbor)*

47. Plaintiff's claim under California Business and Professions Code § 17200, et seq. is barred because the conduct alleged falls within a safe harbor.

**Forty-Eighth Affirmative Or Other Defense**

*(Defendant Not the Employer)*

48. The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Plaintiff, and/or some or all of the putative class/collective members, and/or alleged "aggrieved employees" were not employed by Defendant Denny's Corporation.

**Forty-Ninth Affirmative Defense**

*(Defendants Not Joint Employers)*

49. The Complaint fails, in whole or in part, because Defendants were not joint employers of Plaintiff and/or the putative class members.

**Fiftieth Affirmative Defense**

*(Claims Barred Based on Previous Settlement)*

50. The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because these claims were settled in a previous matter entitled *Estrada v. Denny's, Inc.* Central District of California, Case No. 2:22-cv-00572-DMG-AGR.

**Fifty-First Affirmative Defense**

*(Claims Time-Barred Based on Previous Settlement)*

51. The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, to the extent Plaintiff seeks to recover for any alleged violations prior to August 5, 2022. These claims are time-barred based on the approved Class Period in *Estrada v. Denny's, Inc.* Central District of California, Case No. 2:22-cv-00572-DMG-AGR.



LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

**Fifty-Second Affirmative Or Other Defense**

*(Reservation of Rights)*

52. Defendants presently have insufficient knowledge and information upon which to form a belief as to whether they have additional affirmative defenses. Accordingly, Defendants reserve the right to assert additional affirmative defenses in the event that it appears that any error or omission has been made herein or in the event that further discovery or analysis indicates that any additional affirmative defenses would be applicable.

**PRAYER**

WHEREFORE Defendants pray:

1. That Plaintiff and the putative class members take nothing by reason of the Complaint;
2. That the Court dismiss the Complaint and each purported cause of action therein with prejudice;
3. In the alternative, that judgment be entered in favor of Defendants and against Plaintiff;
4. That Defendants be awarded their reasonable expenses and costs of suit (including reasonable attorneys' fees were provided by law); and
5. That the court award such other and further relief as it deems just and proper.

Dated: September 10, 2025

LITTLER MENDELSON, P.C.

Matthew E. Farmer
Attorneys for Defendants DENNY'S, INC. and DENNY'S CORPORATION

4923-3260-4260 / 111891.1073

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California 93704.2225. On September 10, 2025, I served the within document(s):

**DEFENDANTS DENNY'S, INC.'S AND DENNY'S CORPORATION'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

☐ By facsimile transmission at or about ____________ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number ____________. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☐ By placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Fresno, California addressed as set forth below.

☐ By depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery and addressed as set forth below.

☐ By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ By messenger service. I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500

☒ By Electronic Service. Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

Roxanna Tabatabaeepour, Esq.
Roxanna.Taba@capstonelawyers.com
Ryan Tish, Esq.
Ryan.Tish@capstonelawyers.com
Alexander Wallin, Esq.
Alexander.Wallin@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

Attorneys for Plaintiff
CRISTINA RAMIREZ

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and this Declaration was executed at Fresno, California on September 10, 2025.

Jennifer A. Drudge
Jennifer A. Drudge

4898-3219-8242 / 111891.1073

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
559.244.7500